UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

GWYNN GALITZER,

                                                Plaintiffs,      **ANSWER TO FIRST**
                                                                       **AMENDED COMPLAINT**

        -against-

                                                                          05 CV 7669 (KMK)

The CITY OF NEW YORK; POLICE
LIEUTENANT JOE MAHER; POLICE OFFICER
KERI MITCHELL, Shield No. 14657; POLICE
OFFICER DONALD NELZI, Shield No. 30324;
JOHN DOES; RICHARD ROES; HUDSON RIVER
PARK TRUST,

                                                  Defendants
-------------------------------------------------------------------X

       Defendants City of New York ("City"), Police Lieutenant Joe Maher, Police Officer Keri Mitchell, Police Officer Donald Nelzi, and Hudson River Park Trust ("HRPT"), by their attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, for their answer to the First Amended Complaint ("Complaint"), respectfully allege as follows:

## PRELIMINARY STATEMENT

       1.     Deny the allegations contained in paragraph 1 of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

## JURISDICTION

       2.     Deny the allegations contained in paragraph 2 of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court.

3. Deny the allegations set forth in paragraph 3 of the Complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of this Court.

### JURY TRIAL DEMANDED

4. No response is required to plaintiff's jury demand as set forth in paragraph 4 of the Complaint.

### VENUE

5. Deny the allegations contained in paragraph 5 of the Complaint, except admit that plaintiff purports to lay venue in this District.

### NOTICE OF CLAIM

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, except admit that on or about November 24, 2004, a document purporting to be a Notice of Claim was received by the Comptroller's Office, and that that claim has not been settled.

### PARTIES

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Defendants deny the allegations set forth in Paragraph 8 of the Complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, except admit that on August 31, 2004, defendants Maher, Mitchell and Nelzi were employed by the City of New York as police officers.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint, except admit that (a) defendant HRPT is and was, on August 31, 2004, a public benefit corporation organized and existing pursuant to the laws of the State of New York, and (b) HRPT and defendant City of New York agreed that the City could use Pier 57 during the 2004 Republican National Convention ("RNC").

## STATEMENT OF FACTS

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Deny the allegations set forth in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Deny the allegations set forth in paragraph 16 of the Complaint.

17. Deny the allegations set forth in paragraph 17 of the Complaint.

18. Deny the allegations set forth in paragraph 18 of the Complaint.

19. Deny the allegations set forth in paragraph 19 of the Complaint.

20. Deny the allegations set forth in paragraph 20 of the Complaint, except admit that on August 31, 2004, plaintiff was arrested..

21. Deny the allegations set forth in paragraph 21 of the Complaint, except admit that plaintiff was arrested, handcuffed, and transported to Pier 57.

22. Deny the allegations set forth in paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Deny the allegations set forth in paragraph 24 of the Complaint, except admit that plaintiff was taken to Pier 57.

25. Deny the allegations set forth in paragraph 25 of the Complaint.

26. Deny the allegations set forth in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28. Deny the allegations set forth in paragraph 28 of the Complaint.

29. Deny the allegations set forth in paragraph 29 of the Complaint.

30. Deny the allegations set forth in paragraph 30 of the Complaint.

31. Deny the allegations set forth in paragraph 31 of the Complaint.

32. Deny the allegations set forth in paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint, except admit that plaintiff was charged with obstruction of governmental administration in the second degree and disorderly conduct.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35. Deny the allegations set forth in paragraph 35 of the Complaint.

36. Deny the allegations set forth in paragraph 36 of the Complaint.

37. Deny the allegations set forth in paragraph 37 of the Complaint.

38. Deny the allegations set forth in paragraph 38 of the Complaint.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

39. Repeat and reallege their responses to paragraphs 1-38 of the Complaint as if fully set forth herein.

40. Deny the allegations set forth in paragraph 40 of the Complaint.

41. Deny the allegations set forth in paragraph 41 of the Complaint.

## SECOND CLAIM

### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

42. Repeat and reallege their responses to paragraphs 1-41 of the Complaint as if fully set forth herein.

43. Deny the allegations set forth in paragraph 43 of the Complaint.

44. Deny the allegations set forth in paragraph 44 of the Complaint.

## THIRD CLAIM

## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

45.     Repeat and reallege their responses to paragraphs 1-44 of the Complaint as if fully set forth herein.

46.     Deny the allegations set forth in paragraph 46 of the Complaint.

47.     Deny the allegations set forth in paragraph 47 of the Complaint.

48.     Deny the allegations set forth in paragraph 48 of the Complaint.

49.     Deny the allegations set forth in paragraph 49 of the Complaint.

50.     Deny the allegations set forth in paragraph 50 of the Complaint.

## FOURTH CLAIM

### LIABILITY OF HUDSON RIVER PARK TRUST FOR CONSTITUTIONAL VIOLATIONS

51.     Repeat and reallege their responses to paragraphs 1-50 of the Complaint as if fully set forth herein.

52.     Deny the allegations set forth in paragraph 52 of the Complaint.

53.     Deny the allegations set forth in paragraph 53 of the Complaint.

54.     Deny the allegations set forth in paragraph 54 of the Complaint.

55.     Deny the allegations set forth in paragraph 55 of the Complaint.

56.     Deny the allegations set forth in paragraph 56 of the Complaint.

## FIFTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK AND HUDSON RIVER PARK TRUST FOR STATE LAW VIOLATIONS

57. Repeat and reallege their responses to paragraphs 1-56 of the Complaint as if fully set forth herein.

58. Deny the allegations set forth in paragraph 58 of the Complaint.

59. Deny the allegations set forth in paragraph 59 of the Complaint.

60. Deny the allegations set forth in paragraph 60 of the Complaint.

## SIXTH CLAIM

### ASSAULT AND BATTERY

61. Repeat and reallege their responses to paragraphs 1-61 of the Complaint as if fully set forth herein.

62. Deny the allegations set forth in paragraph 62 of the Complaint.

63. Deny the allegations set forth in paragraph 63 of the Complaint.

## SEVENTH CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

64. Repeat and reallege their responses to paragraphs 1-63 of the Complaint as if fully set forth herein.

65. Deny the allegations set forth in paragraph 64 of the Complaint.

66. Deny the allegations set forth in paragraph 66 of the Complaint.

## EIGHTH CLAIM

### INTENTIONAL and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

67. Repeat and reallege their responses to paragraphs 1-66 of the Complaint as if fully set forth herein.

68. Deny the allegations set forth in paragraph 68 of the Complaint.

69. Deny the allegations set forth in paragraph 69 of the Complaint.

## NINTH CLAIM

### ABUSE OF PROCESS

70. Repeat and reallege their responses to paragraphs 1-69 of the Complaint as if fully set forth herein.

71. Deny the allegations set forth in paragraph 71 of the Complaint.

72. Deny the allegations set forth in paragraph 72 of the Complaint.

## TENTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE OF RIGHTS TO FREE SPEECH AND ASSEMBLY

73. Repeat and reallege their responses to paragraphs 1-72 of the Complaint as if fully set forth herein.

74. Deny the allegations set forth in paragraph 74 of the Complaint.

75. Deny the allegations set forth in paragraph 75 of the Complaint.

## ELEVENTH CLAIM

## VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

76. Repeat and reallege their responses to paragraphs 1-75 of the Complaint as if fully set forth herein.

77. Deny the allegations set forth in paragraph 77 of the Complaint.

78. Deny the allegations set forth in paragraph 78 of the Complaint.

## TWELFTH CLAIM

## NEGLIGENCE

79. Repeat and reallege their responses to paragraphs 1-78 of the Complaint as if fully set forth herein.

80. Deny the allegations set forth in paragraph 80 of the Complaint.

81. Deny the allegations set forth in paragraph 81 of the Complaint.

## THIRTEENTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

82. Repeat and reallege their responses to paragraphs 1-81 of the Complaint as if fully set forth herein.

83. Deny the allegations set forth in paragraph 83 of the Complaint.

84. Deny the allegations set forth in paragraph 84 of the Complaint.

## FOURTEENTH CLAIM

## FUTURE MEDICAL EXPENSES

85. Repeat and reallege their responses to paragraphs 1-84 of the Complaint as if fully set forth herein.

86. Deny the allegations set forth in paragraph 86 of the Complaint.

87. Deny the allegations set forth in paragraph 87 of the Complaint.

## FIFTEENTH CLAIM

## PRIMA FACIE TORT

88. Repeat and reallege their responses to paragraphs 1-87 of the Complaint as if fully set forth herein.

89. Deny the allegations set forth in paragraph 89 of the Complaint.

90. Deny the allegations set forth in paragraph 90 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

91. The Complaint fails in whole or in part to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

92. There was probable cause for plaintiff's arrest, detention, and/or prosecution.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

93.     Any and all injuries alleged in the Complaint were caused, in whole or in part, by the culpable, negligent, or intervening conduct of plaintiff and/or third parties, and were not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

94.     This action is barred in whole or in part by the doctrines of res judicata and/or estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

95.     The individual defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are entitled to qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

96.     Punitive damages are not recoverable against the City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

97.     The amount of punitive damages against non-City defendants, if available, is limited by applicable state and federal constitutional provisions, including due process and other provisions of law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

98.     Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York

or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

99.     At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

100.    At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR AN ELEVENTH  AFFIRMATIVE DEFENSE

101.    To the extent defendants used any force it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

102.    Plaintiff's claims are barred, in whole or in part, by their contributory or comparative negligence and assumption of risk.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

104.  Plaintiff's claims are barred, in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50-e and §50-i.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

105.  Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

WHEREFORE, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             February 8, 2006

        MICHAEL A. CARDOZO
        Corporation Counsel of the City of New York
        *Attorney for Defendants*
        100 Church Street, Room 3-132
        New York, New York 10007
        (212) 788-1817

By:       /S/
        Fred M. Weiler (FW 5864)
        Assistant Corporation Counsel

TO:
Jeffrey A. Rothman, Esq.
575 Madison Avenue
New York, New York 10022
*Attorney for Plaintiff*