UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
| | |
|---|---|
| JEFFREY PHILLIPS, et al. | **05 Civ. 7624 (KMK)(JCF)** |
| SARAH COBURN, et al. | **05 Civ. 7623 (KMK) (JCF)** |
| UDO DRESCHER, | **05 Civ. 7541 (KMK)(JCF)** |
| BETTY BASTIDAS, et al. | **05 Civ. 7670 (KMK)(JCF)** |
| RANDY XU, et al. | **05 Civ. 7672 (KMK) (JCF)** |
| EMILY SLOAN, et al. | **05 Civ. 7668 (KMK)(JCF)** |
| GWYNN GALITZER, | **05 Civ. 7669 (KMK)(JCF)** |
| NIKOLAS SIKELIANOS, | **05 Civ. 7673 (KMK)(JCF)** |

                      Plaintiffs,           **ECF CASE**

    -against-

THE CITY OF NEW YORK, et al.

                      Defendants.
-------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR AN ORDER PERMITTING PLAINTIFFS TO AMEND THE
PLEADINGS IN THE ABOVE-CAPTIONED ACTIONS**

JEFFREY A. ROTHMAN, Esq. (JR-0398)
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980
Attorney for Plaintiffs

November 19, 2007

**PRELIMINARY STATEMENT**

Plaintiffs for their reply in this matter rely upon, and incorporate by reference, the November 15, 2007 submissions in reply to defendants' opposition made by counsel in MacNamara v. City of New York, et al., 04 Civ. 9216 (RJS)(JCF), and Abdell v. City of New York, et al., 05 Civ. 8453 (RJS)(JCF), which address defendants' objections to plaintiffs' proposed amendments concerning Deputy Commissioner David Cohen and plaintiffs' challenges to the constitutionality of the parading without a permit ordinance and two subsections of the disorderly conduct statute.

Plaintiffs below add some further points with regard to their proposed amendments concerning the constitutional challenges, and address the following specific points objected to by defendants:

- There is no prejudice to defendants from any of the proposed amendments, as they must defend against identical claims filed in three new RNC actions filed by the undersigned, and numerous other and similar new RNC actions filed by other RNC plaintiffs' counsel;

- Concerning the Statute of Limitations with regard to State Law Claims: Plaintiffs do not seek at this time to assert state law claims against any of the new defendants, but reserve the right to seek to do so in the future should those claims become revivified; Further, plaintiffs seek to clarify existing state law claims against the existing defendants;

- Defendants Have Long Been on Notice of All of Plaintiffs' Proposed Amendments;

- Plaintiffs make no independent claims based upon public statements, or denial

of a permit for the use of Central Park's Great Lawn for a rally - these items are provided as further relevant factual background in support of plaintiffs' claims.

## ARGUMENT

The bulk of plaintiffs' proposed amendments simply involve clarifications of already existent claims within the complaints, in order to state the claims with greater precision.  As for the new claims among the proposed amendments, such as those against Deputy Commissioner David Cohen, as explained in the reply brief in MacNamara and Abdell, Defendants have long been on notice of all proposed amendments to plaintiffs' complaints in these actions.

### Defendants Must Defend Against Identical Claims Filed In Three New RNC Actions Filed By The Undersigned

In addition to other new RNC actions filed in or about August of 2007 by other RNC Plaintiffs' counsel, the undersigned filed three new RNC actions on August 29 and 31, 2007 that make identical claims as those objected to by defendants in their opposition to the instant motion, including those claims relating to Deputy Commissioner Cohen and plaintiffs' challenges to the constitutionality of the parading without a permit ordinance and two subsections of the disorderly conduct statute (which constitutional challenges had, at any rate, already been asserted in the pleadings sought to be amended herein).  Those new RNC actions filed by the undersigned in August of 2007 are: *Jusick, et al. v. City of New York, et al.,*  07 Civ. 7683 (RJS) (JCF), *Rigby v. City of New York, et al.,*  07 Civ. 7751 (RJS) (JCF), and *Manders, et al. v. City of New York, et al.,*  07 Civ. 7752 (RJS) (JCF).

3

**Plaintiffs Do Not At Seek At This Time To Assert State Law Claims Against Any Of The New Defendants, But Reserve The Right To Seek To Do So In The Future Should Those Claims Become Revivified; Further, Plaintiffs Do Not "Seek To Assert Wholly New State Law Causes Of Action" As Part Of Their Proposed Amendments, But Rather Seek To Clarify Pre-Existent Claims Against the Existing Defendants**

Plaintiffs' proposed amendments do not at this time seek to assert state law claims against any of the new Defendants. However, plaintiffs reserve the right to seek to assert these claims against the new defendants should these state law claims become revivified in the future by way of the class action tolling doctrine. See, Crown, Cork, and Seal Co. v. Parker, 462 U.S. 345 (1983).

Further, plaintiffs do not, as defendants state in footnote number 4 to their opposition brief, "seek to assert wholly new state law causes of action" as part of their proposed amendments. They seek only to clarify and state more precisely those state law claims which were already an integral part of their pleadings.

**Defendants Have Long Been on Notice of All of Plaintiffs' Proposed Amendments**

Defendants state on a number of occasions in their opposition papers that they had not been placed on fair notice concerning plaintiffs' proposed amendments. Uniformly, however, the subject matter of plaintiffs' proposed amendments have been intensely litigated for a very long time in the consolidated RNC litigation (and related other litigation in the Southern District of New York, as described below), and many of these proposed amendments are simply clarifications of claims that have already been asserted in plaintiffs' pleadings.

For example, plaintiffs' pleadings already challenge the parading without a permit

ordinance and the disorderly conduct statute. See, e.g., Phillips redlined proposed First Amended Complaint (which is Exhibit A to plaintiffs' August 29, 2007 Memorandum of Law in Support of Plaintiffs' Motions to Amend) at ¶¶ 68 and 88.

Defendants have also been on fair notice concerning plaintiffs' fingerprint claims. See, e.g., Phillips redlined proposed First Amended Complaint (which is Exhibit A to plaintiffs' August 29, 2007 Memorandum of Law in Support of Plaintiffs' Motions to Amend) at ¶ 54. Defendants in fact recognize that plaintiffs may properly "seek to incorporate [allegations asserted in the statement of facts] by reference into a cause of action," (defendants' Memorandum of Law in Opposition at 22), and it is clear from the already filed pleadings and the course of the litigation to date that plaintiffs in these RNC actions, and other RNC actions (including the "lead" consolidated RNC cases Schiller and Dinler) have long asserted claims based upon violations of the New York State fingerprinting statutes.[1]

Further, defendants' arguments on pages 21-22 of their Memorandum of Law in Opposition, concerning a supposed lack of civil remedy for violation of New York CPL § 160.50, are not on point. The cases cited by defendants that hold that violation of CPL § 160.50 does not trigger application of the exclusionary rule in the context of criminal proceedings are inapposite to the question of whether that violation can state a due process privacy / liberty interest claim. In fact, one of the cases cited by defendants, State v. Patterson, 78 N.Y.2d 711 (Ct. App. 1991) explicitly states (on the very page cited by defendants) that provisions of New York State Law "support the view that the Legislature intended to provide a civil remedy for violation of the provisions of CPL 160.50." Patterson at 716. Patterson on that same page also

---

[1] Defendants in fact state that they do not object to any of the amendments proposed by plaintiffs in Schiller and Dinler, all of which relate to refinement and elaboration of fingerprinting claims.

cites to Anderson v City of New York, 611 F. Supp. 481 (S.D.N.Y. 1985), and describes it as standing for the proposition that "violation of CPL 160.50 supports 42 USC § 1983 action." Patterson at 716.  Although other courts, including Moore v. Dormin, 252 A.D.2d 421, 425 (1st Dept. 1998), cited by defendants, have looked with doubt upon Anderson's holding[2], Anderson remains good law within this district and its analysis that "a state statute can create a constitutionally protected liberty interest if it contains explicit mandatory language creating a right, and if, as a precondition to the restriction of this right, the statute provides for the use of objective criteria rather than unfettered administrative discretion" remains solid.  Anderson at 489.

Lastly in this regard, discovery in these RNC actions has demonstrated widespread and brazen violation of the New York State fingerprinting statutes by defendants, and remains to yet be completed.  If defendants wish they may of course revisit this issue as part of a motion for summary judgment (as they say they intend to do with regard to claims under CPL §160.10), but these claims under § 160.50 are by no means futile and the proposed amendments should be permitted.


**Plaintiffs Make No Independent Claims Based Upon Public Statements By Bloomberg Or Kelly, Or Denial Of Permits - These Are Provided As Further Relevant Factual Background In Support Of Plaintiffs' Claims**

Plaintiffs cite to comments of Bloomberg and Kelly to provide relevant factual background concerning defendants' discriminatory animus, and the purpose and effect of the policies they put into place during the RNC.  These added facts are not meant to represent

---

2  Moore did not read Patterson properly, as described above, and should therefore be disregarded.

independent claims.

The same hold true for the addition of relevant factual background concerning the City's discriminatory denial of a permit for the use of Central Park's Great Lawn for a rally during the RNC period. Contrary to defendants' spurious argument, however, that issue is by no means "barred under the principles of res judicata and/or collateral estoppel," and is in fact coming up for a § 1983 trial shortly before Judge Pauley in the case <u>National Council Of Arab Americans and Act Now To Stop War & End Racism Coalition v. City of New York, et al.</u>, 04 Civ. 6602 (WHP). The final pre-trial conference has been set for November 30, 2007.

In fact, evidence has emerged as part of summary judgment motion briefing in <u>National Council Of Arab Americans</u> concerning the City's discriminatory practices in prohibiting the rally on the Great Lawn during the RNC, and indicates that the City granted privileged access to the Great Lawn to favored institutions (such as the Metropolitan Opera and New York Philharmonic). The briefings submitted on motions for summary judgment in <u>National Council Of Arab Americans</u> have also demonstrated that the City has engaged in illegal and dishonest practices, including the purposeful undercounting of attendance figures for Met and Philharmonic performances on the Great Lawn, in order to give privileged access to the Great Lawn to those institutions, and to prevent protest activity on the Great Lawn.

As Judge Pauley stated in his decision denying that part of the City's motion for summary judgment concerning Plaintiffs' as-applied challenge to the denial of the use of the Great Lawn in <u>National Council Of Arab Americans</u>:

> To summarize, there are disputed issues of fact regarding whether the City's purported justifications for denying Plaintiffs' permit application were a pretext for content based discrimination…. Defendants have maintained throughout this litigation that Plaintiffs were treated the same as all other permit applicants seeking

> to hold events on the Great Lawn…. *Yet there is evidence contradicting this contention and supporting Plaintiffs' claim that the City favored applicants such as the Opera and Philharmonic*.

National Council Of Arab Americans and Act Now To Stop War & End Racism Coalition v. City of New York, et al., 478 F.Supp.2d 480 at *36 (S.D.N.Y 2007) (internal cites omitted) (emphasis added).

Although plaintiffs make no independent claims concerning the denial of a permit for the rally in Central Park, it is relevant background information that provides further evidence of the City's underhanded and discriminatory practices during the RNC.

## CONCLUSION

For the foregoing reasons, the reasons stated in the November 15, 2007 submissions in reply to defendants' opposition made by counsel in MacNamara v. City of New York, et al., 04 Civ. 9216 (RJS)(JCF), and Abdell v. City of New York, et al., 05 Civ. 8453 (RJS)(JCF), and the reasons stated in plaintiffs' memoranda of law of August 29 and 31, 2007 in support of their motions to permit the proposed amendments, plaintiffs respectfully request that the Court grant plaintiffs leave to file and serve the proposed amendments to the pleadings in these actions, and such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          November 19, 2007

                                                          _____/S/_____
                                                          JEFFREY A. ROTHMAN, Esq.
                                                          (JR-0398)
                                                          315 Broadway, Suite 200
                                                          New York, New York 10007
                                                          (212) 227-2980

                                                          Attorney for plaintiffs