

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**Randall M. Elfenbein**
*Special Assistant Corporation Counsel*
relfenbe@law.nyc.gov
Tel: (212) 374-3427
Fax: (212) 788-9776

August 7, 2008

***BY FACSIMILE***

Hon. James C. Francis IV, U.S.M.J.
Daniel Patrick Moynihan
   United States Courthouse
500 Pearl Street - Room 1960
New York, New York 10007-1312

    **Re:**   *Galitzer, et al, v. City of New York, et al.*, 05 CV 7669 (RJS) (JCF)

Dear Judge Francis:

     Defendants respectfully request that the Court enter an Order permitting defendants to conduct the depositions of non-party witnesses who plaintiff Gwynn Galitzer ("Plaintiff") expects to rely upon at trial or on dispositive motions. Your Honor previously endorsed defendants' application to take the depositions of those non-party witnesses that were consented to by the parties in the consolidated actions. (See Endorsed Letter from Tonya Jenerette, dated July 11, 1008). This application concerns the depositions of non-party witnesses where Plaintiff have refused to consent to some or all of the depositions.

     Plaintiff first disclosed her intention to rely upon the non-party witnesses at issue in a letter dated April 4, 2008. [A copy of Plaintiff's April 4, 2008 e-mail is annexed hereto as Exhibit A]. In this letter, Plaintiff reserved the right to call at a trial of these matters two (2) non-party witnesses who have not been deposed. Defendants conferred with Plaintiff's counsel in an effort to secure consent to proceed with the depositions of these witnesses. However, Plaintiff refused consent on the grounds that defendants' request is untimely and that some of the witnesses were previously disclosed in various discovery documents or referenced in one of hundreds of volumes of deposition transcripts.

     Taking the testimony of those witnesses is critical to defendants' ability to effectively prepare for trial and craft dispositive motions. Both non-party witnesses, Grace Kalambay and Marc Steir, have information about the circumstances of Plaintiff's arrest. Without this testimony, defendants will be subject to ambush at trial or on summary judgment, a result which

Hon. James C. Francis IV, U.S.M.J.
August 7, 2008
Page 2 of 3

is highly prejudicial to defendants and does not serve justice. For these and the additional reasons set forth below, defendants respectfully request that the Court permit defendants to subpoena the following witnesses to appear for deposition: Grace Kalambay and Marc Steir.

**I.        *Defendants Learned for the First Time That Plaintiff Julia Cohen Would Rely On These Non-Party Witnesses At Trial By Letter dated April 4, 2008***

The witnesses defendants seek to depose were identified for the first time in the April 4, 2008 letter. Plaintiff claims that defendants should have deposed these witnesses earlier in discovery when their names were disclosed in discovery materials such as deposition transcripts and interrogatory responses. However, reliance on Plaintiff's interrogatory responses or deposition testimony would have required defendants to speculate, possibly to their detriment, about which witnesses Plaintiff would likely call at trial or rely upon for summary judgment motions. It would have made no sense to depose hundreds of non-parties mentioned in vague interrogatory responses or by passing reference in party depositions in the consolidated actions without first determining (1) what information the witness possessed and (2) whether plaintiffs intended to rely upon that information at trial or on summary judgment.

**II.        *Defendants Were Unable to Depose These Witnesses Until Now***

Defendants have complied with this Court's Order governing non-party witnesses and noticed those depositions in a timely manner. As Your Honor is aware, from July, 2007 through January, 2008, defendants were ordered to take approximately 500 plaintiff depositions while simultaneously producing and defending approximately 300 NYPD witnesses. Defendants were thus engaged in more than five party depositions per day for months, which is many more than any single plaintiffs' counsel was ever required to do on any given day. Thus plaintiffs' suggestion that defendants should have deposed hundreds of additional non-party witnesses – most of whom were not yet identified - during that time is simply unreasonable. Defendants had neither the time nor the personnel to take the depositions of non-party witnesses during that period. The timing of defendants' request is, therefore, necessitated by the party deposition schedule.

**III.        *Defendants Will Be Severely Prejudiced If Their Application Is Denied***

Plaintiff will not suffer any prejudice if this Court grants Defendants' application because discovery in these litigations is still proceeding on several tracks. For example, as a result of recent orders concerning failure to provide discovery, a number of plaintiffs have been scheduled for additional deposition testimony; discovery concerning intelligence issues is still ongoing; plaintiffs have stated their intent to recall witnesses after the Court's ruling on the deliberative process privilege; and the parties have yet to commence expert discovery in any of these cases, including the depositions of medical providers. Defendants anticipate that the depositions will be short in duration, with several occurring per day. For these reasons, the depositions requested here will not unduly prolong fact discovery nor prejudice plaintiffs in any material respect.

Hon. James C. Francis IV, U.S.M.J.
August 7, 2008
Page 3 of 3

Any potential prejudice to Plaintiff is minimal compared to the severe prejudice that defendants will suffer if the application is denied. The prejudice to defendants is magnified here because the depositions of likely trial witnesses are at issue. Plaintiff has reserved their rights to call any one of the non-party witnesses whose testimony is sought here at trial or to rely upon their testimony in support of a motion for summary judgment. Defendants need to know the content of their testimony prior to trial or the filing of dispositive motions. Without that information, defendants are subject to ambush at trial, which is highly prejudicial to defendants, contrary to federal practice and a result that does not serve justice. *See generally, Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

**IV.**    <u>***Relief Requested***</u>

For the reasons set forth above defendants respectfully request that this Court permit defendants to proceed with taking the depositions of the non-party witnesses set forth above. The depositions shall be completed within sixty (60) days of the date of entry of this Order.

Respectfully submitted,

Randall M. Elfenbein

cc:    Jeffrey A. Rothman, Esq.
        (via e-mail)

# Exhibit A

# Jeffrey A. Rothman
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

April 4, 2008

By Email to:
RNC Defense Team
NYC Law Department
100 Church Street
New York, NY 10007

Re:  *Coburn, et al. v. City of New York, et al.*, 05 Civ. 7623 (RJS) (JCF);
     *Phillips, et al. v. City of New York, et al.*, 05 Civ. 7624 (RJS) (JCF);
     *Sloan, et al. v. City of New York, et al.*, 05 Civ. 7668 (RJS) (JCF);
     *Galitzer v. City of New York, et al.*, 05 Civ. 7669 (RJS) (JCF);
     *Bastidas, et al. v. City of New York, et al.*, 05 Civ. 7670 (RJS) (JCF);
     *Xu, et al. v. City of New York, et al.*, 05 Civ. 7672 (RJS) (JCF);
     *Sikelianos v. City of New York, et al.*, 05 Civ. 7673(RJS) (JCF);
     *Drescher v. City of New York, et al.*, 05 Civ. 7541 (RJS)(JCF);
     *Manders, et al. v. City of New York, et al.*, 07 Civ. 7752 (RJS) (JCF);
     *Jusick, et al. v. City of New York, et al.*, 07 Civ. 7683 (RJS) (JCF);
     *Rigby v. City of New York, et al.*, 07 Civ. 7751 (RJS) (JCF);

Dear Counsel:

Per Judge Francis' Orders of March 19 and March 26, 2008, plaintiffs provide you with the following list of non-party fact witnesses who have not been deposed or scheduled for deposition who plaintiffs reasonably expect to testify at trial[1]:

Concerning events and plaintiffs arrested at or around 35th Street between 5th and 6th Avenues on 8/31/04

- Joanne Wypijewski
- Professor John S. Mayher
- Nicole Hoffman
- Joseph Krings
- Mark Weaver

---

[1] The listing of these witnesses by arrest location is for your convenience only, and should not be construed to limit the subject matter of any of the witnesses' testimony.

1

Concerning events and plaintiffs arrested at or around 16th Street between Union Square East and Irving Place on 8/31/04

- Barbara Cohen
- Hannah Rappleye
- David Karsnove

Concerning events and plaintiffs arrested at or around 17th Street and 5th Avenue on 8/31/04

- Jonathan Nieves (Mr. Nieves testified at a 50-h hearing)
- Nicole Bade
- Nate Bade

Concerning events and plaintiffs arrested at or around 46th Street and Broadway on 8/29/04

- Rose Johnson
- Ken Albers
- Joseph Kelly
- Kevin Dolak

Concerning events at or around the arrest of Nikolas Sikelianos on 27th Street between Park and Madison Avenues on 8/31/04

- Angel Chevrestt

Concerning events and plaintiffs arrested at or around 44th / 45th Street and 8th Avenue on 8/29/04

- Matthew Westfall
- Bob Perry (also concerning the arrests at 16th Street and 17th Street on 8/31/04)
- Eli, AKA Veronica Scheid
- Adrian Saldana
- Dominick Wetczel
- Abby Schkloven
- Deborah and Raymond Barron
- Matt Bray
- Haley Hemwall

Concerning events at or around the arrest of Gwynn Galitzer at the New York Public Library on 8/31/04

- Grace Kalambay
- Marc Steir

2

Miscellaneous

    - Jay Bermudez: was the Transit Workers Union, Local 100 union chairperson for Pier 57.

    In addition to those individuals listed above, plaintiffs may call at a trial of any of the above actions a few arrestees from each RNC mass arrest location. While plaintiffs would likely utilize only presently named plaintiffs who have been deposed for this, plaintiffs also reserve their right to call as witnesses in that regard those RNC plaintiffs who were arrested at these mass arrest locations who have settled their actions prior to being deposed and, if that should additionally unexpectedly prove insufficient, to call as a witness other RNC arrestees from these mass arrest locations who are members of the putative class action (all of whose names and arrest paperwork are, of course, in Defendants' possession).

    Plaintiffs reserve the right to revise, supplement or shorten this list at the time of the joint pre-trial order. Plaintiffs also reserve the right to call at trial any non-party, non-deposed witness identified by any of the other RNC plaintiffs' counsel or by defense counsel pursuant to Judge Francis's March 19 and March 26, 2008 Orders.

    Thank you for your consideration in this matter.

Sincerely yours,

Jeffrey Rothman

cc:    All RNC counsel (by e-mail distribution list)

3